UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Stan Tenenbaum and One-Eighty Ventures, Ltd., | Case No. 19-cv-0212 (WMW/BRT) |
| Plaintiffs, | **ORDER REMANDING TO STATE COURT** |
| v. | |
| Paul Bialick; Texas Ski Ranch Holdings, LP; Texas Ski Ranch, LP; B&B Burgers, LLC; and CMA Holdings Inc., | |
| Defendants. | |

Before the Court are Plaintiffs' motion to remand for lack of subject-matter jurisdiction, (Dkt. 14), and Defendants' motion to dismiss for lack of personal jurisdiction, (Dkt. 3). For the reasons addressed below, Plaintiffs' motion is granted and this matter is remanded to Hennepin County District Court.

## BACKGROUND

Plaintiffs are Stan Tenenbaum, a Minnesota resident, and One-Eighty Ventures, Ltd, a Minnesota financial consulting firm in which Tenenbaum is the sole shareholder. Defendants are Paul Bialick and four of his companies—Texas Ski Ranch, LP (TSR); Texas Ski Ranch Holdings, LP (TSR Holdings); B&B Burgers, LLC; and CMA Holdings Inc. Bialick is a Texas resident and a principal officer in TSR, TSR Holdings, B&B Burgers, and CMA Holdings. TSR is a Texas limited partnership that operates a sports facility located in Texas. TSR is wholly owned by TSR Holdings, which is also a Texas limited partnership. At the time of the events giving rise to this litigation, B&B Burgers,

a Texas limited liability company, owned and operated Burger King fast food franchises in Texas.  CMA Holdings, a Texas corporation, owns the Texas real estate where one of the Burger King restaurants is located.  The parties agree that Tenenbaum is a partner at TSR and TSR Holdings, but they dispute whether Tenenbaum is a member of B&B Burgers or CMA Holdings.

Plaintiffs allege that Tenenbaum, through One-Eighty Ventures, entered into a Consulting Agreement in April 2008 with TSR, B&B Burgers, and CMA Holdings.[1]  Under the Consulting Agreement, Plaintiffs would provide financial consulting services in exchange for $2,000 per month in compensation, a 10 percent equity interest in both B&B Burgers and CMA Holdings, and a 5 percent equity interest in TSR.

Plaintiffs allege that the parties to the Consulting Agreement amended the agreement's compensation structure in June 2008.  Under their compensation structure, Tenenbaum was required to submit "incentive fee forms" when One-Eighty Ventures completed qualifying work.  Plaintiffs allege that the amended Consulting Agreement contemplates that Tenenbaum could become an equal partner in B&B Burgers and CMA Holdings and that, if he did so, Tenenbaum no longer would be required to submit incentive fee forms.[2]

---

[1] TSR Holdings was not in existence in April 2008 and is not a party to the Consulting Agreement.

[2] Plaintiffs do not identify what qualifying event would trigger Tenenbaum's equal partnership status.

Plaintiffs allege that they provided financial consulting services pursuant to the Consulting Agreement over the following years and submitted corresponding incentive fee forms. And Plaintiffs contend that, as a result of Tenenbaum's efforts, he "triggered earning a 50% partner interest" in B&B Burgers and CMA Holdings. Believing that he was an equal partner, Tenenbaum stopped submitting incentive fee forms to B&B Burgers and CMA Holdings. But, Plaintiffs allege, Tenenbaum continued to submit incentive fee forms for the work he performed for TSR during this time.

The working relationship between the parties to the Consulting Agreement continued in this manner until 2018, when Tenenbaum and Bialick decided to sell the Burger King franchises and properties that B&B Burgers and CMA Holdings owned. On March 26, 2018, Tenenbaum received an email from an attorney at B&B Burgers and CMA Holdings stating that Tenenbaum is not a "member, manager, shareholder, director, officer or agent of either CMA Holdings or B&B Burgers." Tenenbaum contends that Bialick "froze him out" of subsequent business negotiations. In response to the March 26, 2018 email, Tenenbaum began submitting incentive fee forms to B&B Burgers and CMA Holdings again. Plaintiffs assert that Defendants have "refused to acknowledge or pay any amounts due" for the incentive fees submitted to B&B Burgers and CMA Holdings and have "stopped paying" the TSR incentive fees.

Plaintiffs filed a complaint in Hennepin County District Court on January 8, 2019, alleging claims for breach of contract, promissory estoppel, unjust enrichment, account stated, breach of fiduciary duties, and violations of Minnesota statutes. Defendants removed the case to federal district court on diversity jurisdiction grounds. Plaintiffs now

3

seek to remand the case to Hennepin County District Court. Defendants oppose Plaintiffs' motion to remand and move to dismiss the case for lack of personal jurisdiction.

**ANALYSIS**

Before the Court are Plaintiffs' motion to remand to Hennepin County District Court and Defendants' motion to dismiss for lack of personal jurisdiction. Because Plaintiffs' motion addresses a threshold issue, subject-matter jurisdiction, Plaintiffs' motion is addressed first. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) (explaining that, generally, a federal court addresses subject-matter jurisdiction questions before personal jurisdiction questions).

**I.     Motion to Remand**

Plaintiffs move to remand this case for lack of diversity jurisdiction. Plaintiffs are Minnesota citizens. And the parties agree that two Defendants—TSR and TSR Holdings—also are Minnesota citizens. But Defendants argue that, because TSR and TSR Holdings were fraudulently joined, the Minnesota citizenship of TSR and TSR Holdings does not defeat complete diversity between Plaintiffs and Defendants. Plaintiffs counter that TSR, at least, is a proper party, and TSR's Minnesota citizenship divests this Court of subject-matter jurisdiction.

After a case is removed from state court, a federal court must remand the case "[i]f *at any time* before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c) (emphasis added); *accord In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1066 (8th Cir. 2000). The burden of proving federal jurisdiction always remains "on the party seeking to establish it." *Great Rivers Habitat All. v. Fed. Emergency*

*Mgmt. Agency*, 615 F.3d 985, 988 (8th Cir. 2010). All doubts about federal jurisdiction are resolved in favor of remanding to state court. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010).

Defendants removed this case on the basis of diversity jurisdiction. A federal district court has diversity jurisdiction over a case when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). Only the diversity of citizenship requirement is at issue here. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). A partnership takes on the citizenship of each of its partners. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569 (2004).

A fraudulently joined party cannot defeat diversity jurisdiction. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002). A defendant is fraudulently joined "when there exists no reasonable basis in fact and law supporting a claim" against that defendant. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (internal quotation marks omitted). But when there is at least a "colorable" cause of action against the defendant, joinder is not fraudulent. *See id.*

Plaintiffs bring Counts I through VI and Count XII "[a]gainst all Defendants."[3] In particular, Count II alleges that "Defendants breached the Contract by, among other things,

---

[3] Defendants argue that the complaint's reference to "all Defendants" cannot mean *all* Defendants. Defendants assert that TSR Holdings was not in existence when the Consulting Agreement was executed. As such, Defendants contend that "all Defendants" is a misnomer because at least one Defendant cannot be included in that category. But

5

denying Plaintiffs their 10% ownership in the Burger King Companies[4] and then . . . failing to pay the monthly contract fees and incentive fees due to Plaintiffs under the Contract." Plaintiffs concede that "most of the incentive fees have been paid related to all companies other than" B&B Burgers and CMA Holdings. But Plaintiffs do not concede that all incentive fees to companies other than B&B Burgers and CMA Holdings have been paid. Also in the complaint as incorporated by reference in Count II, Plaintiffs allege that Defendants "stopped paying" the TSR incentive fees. As such, Plaintiffs argue that they allege sufficient facts to support a colorable claim that TSR breached the Consulting Agreement by failing to pay Plaintiffs the incentive fees that were due.

Defendants maintain that Count II is not a colorable breach-of-contract claim against TSR for two reasons. First, Defendants argue that Count II is not directed at TSR. Count II mentions only the "Burger King Companies," *i.e.*, B&B Burgers and CMA Holdings. Consequently, Defendants contend, the entirety of Count II relates only to B&B Burgers and CMA Holdings. But Defendants' narrow construction does not comport with the Eighth Circuit's direction to resolve doubts about federal jurisdiction in favor of remand. *See Junk*, 628 F.3d at 446. As Plaintiffs bring Count II "against all Defendants,"

---

Defendants do not explain how the exclusion of *TSR Holdings* would preclude *TSR* from the "all Defendants" group. Indeed, TSR was a party to the Consulting Agreement. Moreover, the Court resolves all doubts about federal jurisdiction in favor of remand. *Junk*, 628 F.3d at 446. As such, the Court interprets "all Defendants" as including TSR.

[4] As defined in the complaint, the Burger King Companies consist of B&B Burgers and CMA Holdings.

6

Count II's reference to unpaid incentive fees reasonably can be understood to include the unpaid incentive fees that any and all Defendants owe.

Alternatively, Defendants argue that TSR is not liable for any unpaid incentive fees even if Count II is directed toward TSR. Plaintiffs allege that TSR "stopped paying" its incentive fees. But Defendants contend that "stopped paying" does not connote liability. Instead, Defendants maintain that TSR can be liable only if the facts alleged indicate that TSR "refused to pay" the incentive fees. This argument falls short. At most, the allegation that TSR "stopped paying" its incentive fees is ambiguous as to liability. Because the Court resolves all doubts as to federal jurisdiction in favor of remand, *see id.*, there remains a reasonable basis in law and fact for Plaintiffs to bring a breach-of-contract claim against TSR.

Because Count II states a colorable claim against TSR, TSR has not been fraudulently joined.[5] Both Plaintiffs and TSR share Minnesota citizenship. As such, Defendants have not established federal diversity subject-matter jurisdiction.[6] For this reason, this case is remanded to Hennepin County District Court.[7]

---

[5] In light of its conclusion that Plaintiffs have at least one colorable claim against TSR, the Court declines to address the adequacy of Plaintiffs' other claims against TSR.

[6] Because the presence of TSR as a defendant defeats complete diversity, the Court need not reach the parties' dispute as to whether Tenenbaum's alleged status at B&B Burgers or CMA Holdings defeats complete diversity.

[7] Plaintiffs argue that they are entitled to an award of attorneys' fees and costs. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). Such an award is warranted when the removing party lacks "an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also*

## II. Motion to Dismiss

In light of the remand to the Hennepin County District Court, this Court declines to address the merits of Defendants' motion to dismiss for lack of personal jurisdiction.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' motion to remand, (Dkt. 14), is **GRANTED**. This case is **REMANDED** to Hennepin County District Court.

Dated: August 15, 2019

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge

---

*Convent Corp. v. City of N. Little Rock*, 784 F.3d 479, 483 (8th Cir. 2015) (explaining that a district court "must consider the objective merits of removal at the time of removal, irrespective of the ultimate remand"). Because the Court concludes that Defendants' position is not objectively unreasonable, Plaintiffs' request for attorneys' fees and costs is denied.